

NUMBER 13-17-00100-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GREGORIO MANUEL BALADEZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 377th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Gregorio Manuel Baladez appeals the revocation of his community supervision. We affirm.

In April of 2015, Baladez pleaded guilty and was convicted of possession with intent to deliver a controlled substance in penalty group one in an amount less than one gram in a drug free zone, a felony of the third degree. *See* TEX. HEALTH & SAFETY CODE

ANN. §§ 481.115(a)–(b), 481.134(b) (West, Westlaw through 2017 1st C.S.). He was sentenced to ten years' confinement probated for three years' community supervision, and he was ordered to undertake 100 hours of community service, a course for drug offenders, and to pay various costs and fines.

In January of 2017, the State filed an amended motion to revoke Baladez's community supervision, alleging that he had committed multiple violations of the conditions of his community supervision: (1) committing the criminal offenses of evading arrest and resisting arrest on October 26, 2016, as well as two offenses for assault family violence by impeding breath or circulation on December 31, 2016; (2) failing to report to his community supervision officer from August through September 2016; (3) failing to pay past due court costs from June through December 2015; (4) failing to pay supervisory fees from May 2015 through December 2016; (5) failing to pay restitution from January through April 2016; (6) failing to pay fines from May 2016 through January 2017; (7) failing to fulfill his community service requirements; (8) failing to pay a fee to the local crime stoppers program; (9) failing to complete a drug offender education program by April 14, 2015; and (10) failing to pay past due court appointed attorney's fees from June 2016 through January 2017.

After receiving evidence, the trial court found all of the alleged violations to be true. The trial court revoked Baladez's community supervision and sentenced him to ten years' confinement. This appeal followed.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Baladez's court-appointed counsel filed a brief stating that, after diligent review of the record and applicable law, it was his professional

2

opinion that the case presented no reversible error and that any appeal would be without merit. *See* 386 U.S. 738, 744–45 (1967). Counsel explained the basis of his opinion by reference to the record facts and pertinent legal authority. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief satisfies the minimum of *Anders's* requirement to render a "professional evaluation" demonstrating why there are no arguable grounds for advancing an appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *see also Schulman*, 252 S.W.3d at 407 n.9 ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.").

Pursuant to *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), counsel informed this Court in writing that he has: (1) notified Baladez that counsel has filed an *Anders* brief and a motion to withdraw as his counsel and provided him with copies of his brief and motion; (2) informed him of his right to file a pro se response and to review the record prior to filing that response; (3) informed Baladez of his right to seek discretionary review if this Court concludes that the appeal is frivolous; and (4) provided Baladez with a form motion for pro se access to the appellate record, with instructions to file the motion.

We received Baladez's pro se brief on August 21, 2017, and he submitted correspondence advancing additional arguments on August 30, 2017. In his submissions, Baladez complains of his court-appointed attorney and asserts that the revocation of his community supervision violated the Fifth, Sixth, and Fourteenth

3

Amendments to the United States Constitution as well as various provisions of the code of criminal procedure. *See* U.S. CONST. amends. V, VI, XIV; TEX. CODE CRIM. PROC. ANN. arts. 37.09, 37.10, 38.23, 42A.751(d) (West, Westlaw through 2017 1st C.S.). The State submitted a brief responding to Baladez's arguments.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have thoroughly reviewed the entire record, counsel's appellate brief, appellant's pro se appellate brief and letter brief, the State's brief, and the applicable law. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We have found nothing that would arguably demonstrate reversible error. *See id.* ("When faced with an *Anders* brief and [a] pro se brief is filed, the court of appeals may . . . issue an opinion explaining that it has reviewed the record and finds no reversible error."). "Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1." *Id.* at 827–28.

Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motion to withdraw as counsel after conscientious examination of Baladez's case. *See Anders*, 386 U.S. at 744; *see also Schulman*, 252 S.W.3d at 408 n.17 ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a

4

brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. *See Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006). Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Baladez and to advise him of his right to pursue a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of November, 2017.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date the last timely motion for rehearing or en banc reconsideration is overruled by this Court. TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4; *In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008) (orig. proceeding).